Earl M. GOODSELL, Jr., Appellant,

v.

Edward T. SHEA, Appellee.

Appeal No. 81–549.
Interference No. 99,811.

United States Court of Customs and Patent Appeals.

June 18, 1981.

Rehearing Denied August 6, 1981.

---

Terry M. Gernstein, John F. Smith, Shoemaker & Mattare, LTD., Arlington,John H. Hornickel, Willoughby, Ohio, for appellant.

Francis J. Hone, Brumbaugh, Graves, Donohue & Raymond, New York City, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Associate Judges.

BALDWIN, Judge.

Earl M. Goodsell, Jr. (Goodsell) appeals from a decision of the United States Patent and Trademark Office (PTO) Board of Patent Interferences (board) in Interference No. 99,811. Edward T. Shea (Shea), appellee, moves to dismiss the appeal due to an agreement in which Goodsell and Shea purportedly waived all rights to an appeal from the decision of the board. We grant the motion.

### Background

During the interference proceedings before the board, Goodsell and Shea entered into an agreement entitled "Stipulation Extending Times Set Forth in Paper No. 53 Dated Sept. 25, 1979" (Agreement) in order to extend all unexpired times in the interference to close concurrently with a date for filing the record to allow "the parties to freely negotiate an amicable settlement."

The Agreement, a part of the PTO record and included in the record in this appeal, went on to state that an agreement had been reached "to negotiate for the termination of this Interference by way of review of the respective proofs of the parties with respect to priority and abandonment of the contest or other action upon the determination of such proofs" according to the following schedule:

1. within sixty days after the date of the Agreement, each party (Goodsell and Shea) would submit for review to counsel for the other party a copy of all evidence determinative of priority which would be relied upon by the submitting party in the interference;

2. the parties would review the evidence and attempt to determine which party is entitled to priority in the interference in accordance with the Patent Laws and appropriate regulations;

3. if the parties should agree that one of them should and would prevail in the interference, appropriate procedure would be undertaken to terminate the interference proceeding in favor of the party determined to be entitled to an award of priority;

4. if within thirty days of the exchange of evidence the parties could not agree as to which party would be entitled to priority, the question of priority would be submitted to the PTO for determination in accordance with the law based upon the evidence exchanged by the parties which was to be submitted to the PTO; and

5. "[t]he decision of the Board of Patent Interferences based on the evidence submitted shall be accepted as final and conclusive upon the parties and each party hereby waives any and all rights of appeal from any such decision, except that each party reserves the right to request reconsideration or rehearing of the decision of the Board."

In accordance with the provisions of the Agreement, the necessary extensions of time were implemented, Goodsell and Shea exchanged affidavit evidence, and the parties attempted to determine which party was entitled to an award of priority. The parties, however, failed to reach agreement as to priority; after which, Shea submitted to the board the evidence given to Goodsell under the Agreement.

Goodsell chose not to submit a record to the board within the specified time period but instead sought to present evidence that did not come within the Agreement. Shea then moved for judgment on the record resulting in an order from the board requiring Goodsell to show cause why judgment should not be entered against him in view of his failure to file a properly stipulated evidentiary record as required by the Agreement. After considering Goodsell's response to the order, the board found the

response insufficient and awarded Shea priority of invention of the subject matter in issue.

By this appeal, Goodsell seeks review of the board's decision which has resulted in Shea's Motion to Dismiss presently before this court. Goodsell has filed a brief in opposition to Shea's Motion to which Shea has replied.

Shea argues that his Motion to Dismiss should be granted due to the Agreement since, among other things:

1. the Agreement was entered into by the parties in an effort to simplify procedures and settle certain aspects of the interference during the course of prosecution before the PTO; and

2. the Agreement was entered into in good faith by both parties, was filed in the PTO, was relied upon by the parties in connection with the exchange of evidence, and was relied upon by the PTO in connection with the extensions of time.

Goodsell responds by arguing that:

1. it is not clear whether the Agreement is valid and binding on the parties;

2. the Agreement's validity and enforceability has not been ruled upon by a court of competent jurisdiction; and

3. the precedent set in *Williams v. Administrator of the National Aeronautics and Space Administration*, 57 CCPA 1017, 423 F.2d 1253, 165 USPQ 326 (1970), calls for denial of Shea's Motion.

## OPINION

It is common practice for parties in litigation to agree among themselves to be bound by the determination of a specific tribunal and not to prosecute an appeal. Such is true in interference practice where parties may agree that the board's decision is to be final and binding. IV Revise and Caesar, *Interference Law and Practice* § 857 (1948).

In light of the public policy mandate that disputing parties should be encouraged to resolve their disputes through negotiation rather than litigation [1] and, furthermore, should have a right to control their own litigious destinies to the extent of deciding not to pursue appellate review by accepting the decision of a specified tribunal as final and thereby avoiding protracted litigation involved in an appeal, agreements not to appeal should not be simply ignored.

The great weight of authority favors enforceability of agreements not to appeal from a decision of a specified tribunal. See 4 Am.Jur.2d Appeal and Error § 236 (1962); 4 C.J.S. Appeal and Error § 210 (1957). Such agreements have been honored by barring appellate review proceedings taken in violation of the agreement. See, for example, *United States Consolidated Seeded Raisin Co. v. Chaddock & Co.*, 173 F. 577 (9th Cir. 1909), where both parties in a patent infringement suit, prior to the District Court's decision, had agreed not to appeal. The Circuit Court of Appeals dismissed the appeal stating "it seems to be universally held that, where such an agreement is made upon a valid and legal consideration, either before or after trial, it will be enforced in an appellate court, and the appeal, if taken, will be dismissed." 173 F. at 579 (citations omitted).

In light of the above, this court will not ignore an agreement not to appeal where a clear mutual intent not to appeal is shown and the agreement is made part of the record below. Where these requirements are satisfied by a review of the record before us, good cause exists whereby such an agreement not to appeal will be honored warranting a dismissal. In effect, the parties to such an agreement have done no more than stipulate, prior to appeal, dismissal of an appeal.

Here the record shows that the parties entered into the Agreement expressing a clear intent to shorten the litigation proc-

1. One member of this court has utilized an occasion to remark that resolution through negotiation rather than litigation is "the kind of resolution of a dispute we should do all within our power to encourage." *Swingline, Inc. v. I. B. Kleinert Rubber Co.*, 55 CCPA 1486, 1489, 399 F.2d 283, 286, 158 USPQ 341, 343 (1968) (Rich, J., concurring).

ess by each party's waiving its rights to appeal from the board and the written Agreement was made a part of the record below (and on appeal). Thus the requisite criteria have been established.

Goodsell now for the first time contends that the Agreement is not binding and/or applicable, questioning whether Shea had performed as agreed and questioning whether the board actually rendered a decision "based on the evidence submitted." Additionally, Goodsell contends that the validity and enforceability of the Agreement have not been ruled upon by a court of competent jurisdiction and thus the Agreement does not have effect here. If Goodsell desired to question whether the Agreement were binding, he was free to seek a resolution of the matter in another court. However, he chose not to pursue such an option and appealed here. Having done so, he is bound by the record below which includes the agreement not to appeal and, therefore, has effectively stipulated dismissal of this appeal.

Goodsell can find no solace in *Williams*, supra, which involved an appeal from the board in a proceeding under Section 305 of the National Aeronautics and Space Act of 1958 (42 U.S.C. § 2457). This court denied appellee's motion to dismiss which was based on an alleged private agreement not to appeal. However, in *Williams* the agreement was not a part of the PTO record on appeal before the court whereas here the Agreement is part of the PTO record to which the parties are bound.

Goodsell was waived his right of appeal to this court by effectively stipulating dismissal of this appeal and, thus, will not now be heard. "A ready ear is not given to objections raised by the disappointed party, who, being dissatisfied with the result by the tribunal of his own selection, applies for the interposition of that which he had before renounced."[2]

Accordingly, Shea's Motion to Dismiss is *granted*, and the appeal is *dismissed*.

*DISMISSED.*

---

**2.** *Bollmann v. Bollmann*, 6 S.C. 29 (1874), quoted in *Gramling v. Food Machinery & Chemical* *Corp.*, 151 F.Supp. 853 (W.D.S.C.1957).