**ASSOCIATED DRY GOODS CORPORATION, Plaintiff,**

v.

**UNITED STATES et al., Defendants.**

**Court No. 81–4–00375.**

United States Court of International Trade.

Jan. 4, 1982.

Rode & Qualey, New York City (Michael S. O'Rourke, New York City, on the brief), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Branch Director, Commercial Litigation Branch, Washington, D. C. (Velta A. Melnbrencis, New York City, on briefs), for defendants.

Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D. C. (Donald Harrison, Washington, D. C., on brief), for amicus curiae.

RAO, Judge:

This case is before the court for consideration of defendants' motion for an order vacating Slip Opinion 81–70 of August 5, 1981 in which judgment was entered for plaintiff, sustaining its claim that its merchandise was wrongfully excluded from entry by the United States Customs Service pursuant to a quota established by the Committee for the Implementation of Textile Agreements.

Defendants perfected an appeal to the United States Court of Customs and Patent Appeals (hereinafter CCPA), which granted defendants a stay of the mandatory portions of the court's decision. Subsequently, plaintiff's merchandise was entered pursuant to an agreement between the United States and the People's Republic of China (hereinafter PRC), *infra*, and the appeal became moot.

The CCPA remanded the causes to the Court of International Trade on October 13, 1981 for "such further action as the Court of International Trade may deem appropriate." The CCPA dismissed both plaintiff's and defendants' appeals filed previously and vacated its stay of September 4, 1981 in the same order.

In support of their current motion before this court to vacate Slip Opinion 81–70 in its entirety, defendants filed a memorandum of law in which they took the position that this court's opinion should be vacated because the case is now moot in that plaintiff has obtained the relief it sought by other means, that is, the release of its merchandise by reason of the new trade agreement between the United States and the PRC of September 21, 1981 permitting the importation into the United States of 250,-000 dozen category 445/446 wool textile products from the PRC for the 1981 calendar year. Defendants also argue that there is no need for the Committee for the Implementation of Textile Agreements to recalculate the quota under which plaintiff's merchandise had been denied entry since the new agreement superseded the quota. Defendants' position is that "no case or controversy exists any longer with regard to the exclusion of category 445/446 merchandise from entry in this case, and any orders issued regarding the embargo have become moot" (page 6 of defendants' brief).

While this court agrees that its orders to the Committee for the Implementation of Textile Agreements to recalculate the quota on category 445/446 merchandise and to the United States Customs Service to permit entry of plaintiff's merchandise the subject of this action have been mooted by the new agreement between the United States and the PRC and the subsequent entry of plaintiff's merchandise pursuant to that agreement, it does not agree that the "case or controversy" requirement for jurisdiction is lacking in this action.

The answer to the question of whether an action presents a "case or controversy" justiciable in a federal court was given by Chief Justice Hughes in *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937):

A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * * [citations omitted]

This civil action met all these criteria at the time it was commenced in this court and defendants did not argue, and indeed could not have argued, at that time that no case or controversy existed. The fact that the plaintiff, subsequent to the entry of judgment in its favor, obtained the relief it sought by other means does not make the decision subject to vacation. Were that the case virtually every decision in plaintiff's favor would be subject to vacation since it can be safely assumed that prevailing plaintiffs will eventually have their judgments satisfied by some means.

It should also be noted that defendants have not sought to have Slip Opinion 81–47 of May 21, 1981, 515 F.Supp. 775, in which plaintiff's motion for a preliminary injunction in this action was denied also vacated. Surely, if no case or controversy exists in this action vis-a-vis Slip Opinion 81–70, the same would hold true for the proceeding on the preliminary injunction.

Defendants cite *United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950) in support of their position, wherein the Supreme Court stated:

The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a directive to dismiss. * * *

The established practice to which the Supreme Court referred is its own or that of an appellate court. Our appellate court did not vacate Slip Opinion 81–70 for mootness, which it should and would have done under the practice enunciated in *Munsingwear* if the case was indeed moot. It was the appeal that became moot, but not the underlying case.

*Munsingwear* is inapposite to the defendants' position for other reasons. The case involved two separate counts, brought by the United States for alleged violations of a price-fixing regulation in which the government sought an injunction and treble damages. By agreement, the second count for treble damages was held in abeyance pending the final determination of the suit for an injunction. While the appeal on the decision of the district court not to issue the injunction was pending in the Court of Appeals, the commodity involved was decontrolled and the appeal was dismissed. The defendant then moved in the district court to dismiss the treble damages action on the ground of *res judicata*, which motion was granted. The United States appealed this decision, and the Supreme Court stated:

There is no question but that the District Court in the injunction suit had jurisdiction both over the parties and the subject matter. And its judgment remains unmodified. * * *

* * * * * *

[The United States] did not avail itself of the remedy it had to preserve its rights. Denial of a motion to vacate could bring the case here [to the Supreme Court]. [340 U.S. at 38–40, 71 S.Ct. at 105–07.]

■ It is true that the portion of Slip Opinion 81–70 which directs the Committee for the Implementation of Textile Agreements to recalculate the quota under which plaintiff's merchandise was embargoed is moot in that the quota has been superseded by the new agreement between the United

States and the PRC, and that portion is hereby vacated. Since the United States Customs Service did, in fact, permit entry of the involved merchandise, we see no reason to disturb that portion of the decision which directs it to do so.

 As to the other portions of the decision, a case or controversy did exist at the time suit was commenced, when judgment was entered in plaintiff's favor, when the appeal was taken, and as to certain aspects of the decision when the appeal was dismissed. No cogent argument has been presented that was not considered either in the briefs on the case-in-chief or on the motion for a stay which was denied on August 13, 1981, and we see no reason to vacate the remainder of Slip Opinion 81–70. It is, therefore,

ORDERED, ADJUDGED AND DECREED that that portion of Slip Opinion 81–70 directing the Committee for the Implementation of Textile Agreements to recalculate the quota on category 445/446 wool textile products is vacated, and the remainder of the decision is in full force and effect.