The UNITED STATES, Malcolm Baldridge, Secretary of Commerce, et al., Appellants,

v.

ASSOCIATED DRY GOODS CORPORATION, Appellee.

Appeal No. 82-18.

United States Court of Customs and Patent Appeals.

July 1, 1982.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Branch Director, Velta A. Melnbrencis, Dept. of Justice, Commercial Liti-

gation Branch, Washington, D. C., for appellants.

Michael S. O'Rourke, Patrick D. Gill, John S. Rode, Rode & Qualey, New York City, for appellee.

Donald Harrison, Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D. C., for amicus curiae.

RICH, Judge.

This appeal is from the order of the Court of International Trade in *Associated Dry Goods Corp. v. United States*, 3 CIT 1, 533 F.Supp. 1343 (1982) (hereinafter "Slip Op. 82–1"), in which the court below, after we dismissed for mootness an appeal of its earlier decision in this case reported at 2 CIT ——, 521 F.Supp. 473 (1981) (hereinafter "Slip Op. 81–70"), refused to vacate said earlier decision in its entirety and to dismiss the action as moot.

Appellee Associated Dry Goods Corporation (ADG) moves this court to dismiss the present appeal, with prejudice, as moot. Appellants opposed this motion, and have filed a cross-motion entitled "Cross-Motion for an Order Vacating Those Portions of Slip Opinion 81–70 which Remain in Full Force and Effect, and Remanding the Case with Directions to Dismiss." ADG has not opposed the cross-motion.

For the reasons set forth below, we deny both motions, dispose of this case on the record, vacate the judgment in Slip Op. 82–1, vacate the judgment in Slip Op. 81–70, and remand this case to the lower court with directions to dismiss it as moot.

*Background*

The facts are fully set forth in the two lower court opinions above referred to, familiarity with which is assumed. The facts most pertinent to this phase of the proceedings are as follows. Appellants' previous appeal to this court became moot. In an order dated October 13, 1981, we dismissed the appeal, and remanded the case "for such further action as the Court of International Trade may deem appropriate," despite the fact that appellants had requested us to vacate the lower court's judgment and remand with directions to dismiss. In the lower court, appellants thereafter moved for an order vacating the judgment in Slip Op. 81–70. On January 4, 1982, in Slip Op. 82–1, the court below denied appellants' motion, vacated part of Slip Op. 81–70 as moot, and declared the remainder of the decision to be "in full force and effect." 533 F.Supp. at 1346.

OPINION

We note at the outset that the underlying case in this action has become entirely moot. Appellants have so conceded in this appeal and in papers accompanying their motion in the previous appeal. Appellee's position is less clear, but seems to be that *portions* of the underlying case have become moot. This accords with the position of the lower court as set forth in Slip Op. 82–1. To the extent that this position entails the assumption that certain portions of this case have *not* become moot, we disagree. The issues presented in this case are no longer live, and neither party retains a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969).

This does not mean, however, that *this* appeal is moot. The Supreme Court has on countless occasions granted certiorari in concededly moot cases for the sole purpose of correcting an appellate court's failure to vacate the judgment of a lower court when an appeal from that lower court has been dismissed as moot. *See, e.g., Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979). When an appeal, such as that from the judgment of Slip Op. 81–70, is moot, it is our duty to ensure that the judgment appealed from is vacated and that the court below dismisses the case as moot. *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). We do so now and vacate the lower court judgments in 82–1 and 81–70, remanding this case to the lower court with directions to dismiss the same.

VACATED AND REMANDED.