BABCOCK & WILCOX CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consol. Court No. 80-5-00772

Before BOE, *Judge.*

(Dated July 9, 1982)

*Harris, Berg & Creskoff (Stephen M. Creskoff* and *Brian E. McGill* on the brief) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Director Commercial Litigation Branch, (*Francis J. Sailer* on the brief), for the defendant.

BOE, *Judge:* The defendant has moved to dismiss the above-entitled action and to vacate the order and opinion of the court in connection therewith (2 CIT 74 (1981)), alleging that said action is moot.

The plaintiff in opposing defendant's motion contends that a breach of agreement on the part of the defendant vitiates the stipu-

lation which had been entered into between the parties providing for a dismissal of the above-entitled action and the vacation of the order and opinion made in connection therewith.

The plaintiff also (cross-) moves to dismiss the above action only as to certain product lines, or in the alternative, for an evidentiary hearing on whether the defendant has complied with the stipulation between the parties.

A brief review of the background relating to the instant proceedings is appropriate.

The above action was instituted by the plaintiff in this court, seeking judicial review of the negative injury determination made by the International Trade Commission (ITC) in an antidumping investigation of certain categories of pipe and tube products imported from Japan.

An order was entered by this court on August 20, 1981, remanding the action to the ITC for the purpose of properly applying the guidelines of the statute (19 U.S.C. § 1677(4)(D)) in connection with product line assessments.

Subsequent to the entry of the court's remand order, a motion was jointly filed by the parties requesting the suspension of all proceedings in the above action pending the filing of a new antidumping petition by the plaintiff.

The court, granting the joint motion submitted by the parties hereto, ordered that further court and administrative proceedings were suspended pending the filing of a new antidumping petition by plaintiff within 90 days of the date thereof and the commencement of an investigation by the Commerce Department pursuant to 19 U.S.C. § 1673a(b).

The joint motion for suspension of all proceedings was accompanied by a stipulation entered into by counsel for the respective parties, whereby it was agreed:

(1) Plaintiff may file, at any time, an updated antidumping petition pursuant to 19 U.S.C. § 1673a(b), which shall contain recent economic data which Plaintiff believes supports its position of sales of the relevant Japanese pipe and tube products at less than fair value and of material injury to the relevant domestic industries;

(2) The instant action shall be dismissed upon the acceptance by the Department of Commerce of such an updated petition and the institution of an investigation by publication of notice in the FEDERAL REGISTER;

(3) The Commission shall upon referral of the Plaintiff's new antidumping petition to it pursuant to 19 U.S.C. § 1673a(b), attempt to obtain all available data in order to assess the possible effect of dumped imports upon the production of the relevant like products where the economic data submitted to and obtained by the Commission permit the separate identification of the production of each of the product lines addressed in the

new petition in terms of such criteria as the production process or producer's profits, pursuant to 19 U.S.C. § 1677(4)(D); and

(4) The parties shall jointly move to vacate this Court's opinion and order, dated August 20, 1981 (2 CIT 74 (1981)), in view of the fact that all issues involved in the judicial review proceeding will be rendered moot in view of the foregoing.

The plaintiff filed a new, updated antidumping petition with the Department of Commerce and the ITC, including therein three of the five product lines involved in the above action. The petition was accepted by the Department of Commerce and an investigation was instituted by notice published in the FEDERAL REGISTER.

In its preliminary determination the ITC found a reasonable indication of material injury with respect to two of the product lines included in plaintiff's new, updated petition and made a negative finding with respect to the third product line.

The plaintiff opposes the motion to dismiss the above action and to vacate the prior opinion and order of the court (2 CIT 74), contending that the stipulated agreement has been breached by the Commission's refusal to follow the criteria provided for in the stipulation.

The defendant has cited numerous authorities for the proposition that a decision on the merits of an action that has become moot prior to the resolution of the case in an appellate court should be dismissed and vacated. As stated in *United States* v. *Munsingwear, Inc.,* 340 U.S. 36, 41 (1950), the vacation of such decisions is required in order to "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." However, in the above action no final determination on the merits has been made.

In the above action the court by its order suspended further court and administrative proceedings "pending plaintiff's filing of a new antidumping petition." No provision for dismissal of the action or for a vacation of the court's prior opinion and order is contained in the order of suspension.

In the determination of the present motion to dismiss and vacate the above action, therefore, the court must look to and take its guidance from the joint motion for suspension of further court and administrative proceedings and the stipulation between the parties which have been filed with the court. The provisions therein contained are explicit.

In the motion to suspend all proceedings which was jointly filed by the respective parties with the court, it is expressly recognized:

> The parties seek this suspension since Plaintiff's filing of an updated antidumping petition will, upon acceptance, result in the commencement of a new investigation which would render the investigation now on review moot. Furthermore, the parties have agreed that this case may be dismissed, and 2 CIT 74 (opinion and order) vacated, as moot, *since the pending of a new investigation will render the instant action moot.*

Thus, further court or administrative proceedings upon the instant action would be obviated. [Emphasis supplied.]

In a footnote to the aforequoted statement it is further acknowledged:

> Because the parties have stipulated to a dismissal of this action upon the acceptance by Commerce of an updated petition and the institution of an investigation, 'the approprate [sic] action . . . is to vacate the judgment previously rendered. . . . This would effectively prevent the judgment below from becoming a precedent.' *Swingline, Inc.* v. *I. B. Kleinert Rubber Company,* 399 F. 2d 283, 284–285 (CCPA 1968).

The stipulation between the parties, accompanying the joint motion for suspension and filed with the court, provides that the dismissal of the instant action shall occur, (1) upon the acceptance of plaintiff's updated antidumping petition by the Commerce Department, and (2) upon the publication of the notice of the institution of an investigation in the *Federal Register.* It is without dispute that the foregoing conditions precedent have been complied with. The agreement to dismiss the instant action, therefore, becomes a binding and enforceable obligation upon each party to the stipulation. *See John McShain* v. *United States,* 375 F. 2d 829, 831 (Ct. Cl. 1967); *Vallejos* v. *C. E. Glass Co.,* 583 F. 2d 507 (10th Cir. 1978).

Clearly, the foregoing instruments evidence the intent and the agreed understanding of the parties that, upon the entry of the court's order suspending further court and administrative proceedings and the filing and acceptance of a new antidumping petition, the instant action and (2 CIT 74 (1981)), made in connection therewith, are moot.

The filing of a new petition by the plaintiff can only be viewed as an election to discontinue the pursuit of the above consolidated action in this court and to seek in lieu thereof a new administrative determination based upon a record containing updated economic information. It, indeed, would be an anomaly to permit the plaintiff to pursue its remedies for the same grievance concurrently in two independent proceedings.

The failure of the plaintiff to include all of the categories of pipe and tube products in its new antidumping petition, which had been formerly included in the above action, cannot serve as a justification to ignore the express and unambiguous provisions of the stipulation.[1]

Plaintiff contends that the Commission in its injury determination with respect to plaintiff's updated antidumping petition has ignored the criteria contained in 19 U.S.C. § 1677(4)(D) and in so doing has breached the express obligation provided for in the stipu-

---

[1] Plaintiff's brief indicates that two categories of tubing were not included in the updated antidumping petition because they were covered by the trigger price mechanism. However, the response of *Nippon Steel Corp.,* amicus curiae, to plaintiff's assertion advises the court that plaintiff's updated antidumping petition was filed nine days *after* the Department of Commerce had suspended the trigger price mechanism.

lation agreement entered into between the parties. The alleged breach, as urged by the plaintiff, cannot be said to breathe life anew into the instant action, which has been rendered moot by the execution of the stipulation agreement and the institution of a new administrative proceeding, as provided for therein. It is the stipulation, voluntarily entered into between the parties, which is the source of plaintiff's right to file a new antidumping petition and which creates the Commission's obligation in conducting a new injury investigation. The alleged failure of the Commission to fulfill its commitment, as provided for in the said stipulation, can only be ascertained when this court has before it the record of the administrative proceedings and is not a proper question for determination at this time. In determining the defendant's motion, the court has considered and addressed itself only to the present status of the above action and its accompanying opinion and order, which the court finds have become moot by virtue of the provisions of the stipulation entered into between the parties for the express purpose of instituting a new up-to-date antidumping proceeding. *United States* v. *Associated Dry Goods Corp.,* 69 CCPA 169, 682 F.2d 212 (1982).

Accordingly, it is hereby

Ordered that the motion of the defendant be and is hereby granted and the (cross-) motion of the plaintiff denied, and it is further

Ordered that the above-entitled consolidated action be and is hereby dismissed and the opinion and order of the court made therein under date of August 20, 1981 (2 CIT 74 (1981)), vacated.