ERSTINE CLARK MCAFEE D/B/A E. C. MCAFEE CUSTOMS BROKER, A SOLE PROPRIETORSHIP, PLAINTIFF v. UNITED STATES, SECRETARY OF THE TREASURY, COMMISSIONER OF CUSTOMS, REGIONAL COMMISSIONER OF CUSTOMS FOR THE BOSTON REGION, DISTRICT DIRECTOR AT BUFFALO, ET AL., DEFENDANTS

Court No. 81-12-01729

Before LANDIS, *Judge.*

(Decided February 15, 1983)

*Richard A. Kulics* (on the motions to hold in contempt and for costs and attorneys' fees) for the plaintiff;
*Fitch, King & Caffentzis* (*James Caffentzis* on the motion to release security) for the plaintiff.
*J. Paul McGrath*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Robert H. White* on the motions) for the defendants.

LANDIS, *Judge:* Plaintiff has filed motion to hold defendants and/ or defendants' counsel in contempt for not providing relevant drawback documents allegedly ordered by Judge Boe at a hearing held on January 6, 1982. Plaintiff in such motion further seeks relevant costs and attorneys' fees resulting from defendants' failure to comply. Plaintiff, by another law firm, files written motion to release a ten thousand dollar ($10,000) bond posted as security for a preliminary injunction issued by Judge Boe on January 13, 1982, 3 CIT 20 (1982).

Defendants cross-moved to dismiss the action on the grounds that the action is moot as all requested relief has been granted.

Plaintiff's counsel, Richard A. Kulics, moved for an extension of time (to October 4, 1982) to respond to the cross-motion to dismiss. This extension was so ordered by the court. However, the court has received no response to the cross-motion.

The above motions are consolidated for purposes of decision and judgment.

The factual background indicates that following Judge Boe's preliminary injunction order of January 13, 1982, a dispute arose as to the nature of the ten thousand ($10,000) dollar security to be

posted. On February 2, 1982, Judge Boe ordered that plaintiff could post a cash bond for that amount. The case was thereafter assigned to the late Judge Richardson on March 2, 1982.

By order dated March 16, 1982, the late Judge Richardson granted plaintiff's motion to substitute the bond of Royal Insurance Company of America in the sum of ten thousand ($10,000) dollars for the cash bond previously filed with the Clerk of the Court.

The preliminary injunction against defendants prevented *inter alia* defendants from denying plaintiff immediate delivery privileges for failure to pay fifty two thousand four hundred forty seven dollars and fifty two cents ($52,447.52) in increased duties owing on twenty seven (27) entries chargeable against its bond. Subsequently, plaintiff's surety, St. Paul Fire and Marine Insurance Co., tendered that full amount to-wit; fifty two thousand four hundred forty seven dollars and fifty two cents ($52,447.52) to the Customs Service,[1] particularly the District Director of Customs at Buffalo.

The payment by plaintiff's surety, in effect, removes any impediment to plaintiff's immediate delivery privileges. Indeed, defendants proposed order acknowledges that defendants shall not take any action to revoke or suspend plaintiff's immediate delivery privileges as a result of plaintiff's failure to pay Customs duties assessed against the specified twenty-seven (27) entries. The court construes this in the light that this failure to pay cannot be used against plaintiff in any past, present or future actions that may arise.

Thus, the full payment of the increased duties together with reinstatement of plaintiff's immediate delivery privileges effectually grants plaintiff the relief requested in its amended complaint. With the requested relief granted there is no longer a case or controversy between the parties and, therefore, there is nothing for the court to decide as the action is moot. *Deposit Guaranty National Bank* v. *Roper,* 445 U.S. 326 (1980). *United States* v. *Associated Dry Goods Corp.,* 69 CCPA 169, 682 F.2d 212 (1982).

Accordingly, plaintiff's motion to hold defendants and/or defendants' counsel in contempt and for costs and attorneys' fees is denied. Plaintiff's motion for release of the ten thousand ($10,000) dollar bond posted as security is granted, as is defendant's cross-motion to dismiss the action.

ORDERED, ADJUDGED AND DECREED that plaintiff's motion to hold defendants and/or defendants' counsel in contempt, and for attorneys' fees and costs is, in all respects, denied; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff's motion for release of the ten thousand ($10,000) dollar bond posted as security in this action with the Clerk of the Court is hereby granted; and it is further

[1] This surety commenced a civil action in this court on May 18, 1982. It contests the Customs Service's liquidation with increased duties of the twenty seven (27) entries in issue. See, *St. Paul Fire and Marine Insurance Co.* v. *United States,* Court No. 82-5-00732.

ORDERED, ADJUDGED AND DECREED that the defendants shall not take any action to revoke or suspend plaintiff's immediate delivery privileges as a result of plaintiff's failure to pay Customs duties assessed against the twenty-seven entries identified in the attached Schedule of entries; and it is further

ORDERED, ADJUDGED AND DECREED that the defendant's cross-motion for dismissal of this action be, and the same hereby is granted in all respects and this action is hereby dismissed.