**Henry H. BROWN, et al., Plaintiffs, Appellees,**

v.

**The GILLETTE COMPANY, Defendant, Appellant.**

**No. 83–1614.**

United States Court of Appeals, First Circuit.

Argued Dec. 6, 1983.

Decided Dec. 27, 1983.

Richard L. Neumeier, with whom Cheri L. Crow, and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for defendant, appellant.

Amos Hugh Scott, with whom Robert S. Frank, Jr., Frank A. Libby, Jr., and Choate, Hall & Stewart, Boston, Mass., were on brief, for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, and COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Gillette appeals from an order of the district court awarding certain damages to the plaintiff, Samuel Jones, under a settlement agreement. The settlement agreement provided that certain promotion claims of the named plaintiffs would be resolved by the district court, and that all other claims would be arbitrated. With respect to the named plaintiffs, the agreement stipulated,

The parties agree that the determinations of the [district] Court on such claims shall be final and binding and hereby waive any and all rights of appeal with respect to such determinations.

Notwithstanding this language, Gillette contends that it is entitled to appeal from the damages award made here, arguing that the award is based on an incorrect interpretation of the matter before the court and the parties' agreement relative thereto, and that the waiver does not preclude an appeal from such arbitrary decision-making.

We hold that Gillette is bound by the waiver. As we have stated, "[t]hose who give up the advantage of a lawsuit in re-

turn for obligations contained in a negotiated decree, rely upon and have a right to expect a fairly literal interpretation of the bargain that was struck and approved by the court." *AMF, Inc. v. Jewett,* 711 F.2d 1096, 1101 (1st Cir.1983). This principle extends to clauses waiving the right to appeal. *Goodsell v. Shea,* 651 F.2d 765, 767 (Cust. & Pat.App.1981); *cf. Payne v. SS Tropic Breeze,* 423 F.2d 236, 238 & n. 4 (1st Cir. 1970). The settlement agreement in question was negotiated at arms length over a period of eleven months. Gillette agreed to waive any right to appeal from the district court's determinations of the named plaintiffs' claims. The waiver would be meaningless if it could be eluded merely because an unsatisfied party, with whatever sincerity or correctness, felt that the district court had incorrectly construed the standards by which damages were to be assessed. Even assuming there could be determinations going so far beyond a district court's mandate as to vitiate the waiver, this is plainly not that situation—nor would we expect to find such a situation except in unusual and egregious circumstances well beyond anything presented here.

*Appeal dismissed.*