**In re Leonard F.**
**LYBARGER, Attorney.**

**Miriam B. HOUCK, Plaintiff-Appellant,**

v.

**LEE WILSON ENGINEERING COMPANY, INC., Defendant-Appellee.**

**No. 85–3120.**

United States Court of Appeals,
Sixth Circuit.

Argued May 8, 1986.

Decided June 18, 1986.

Leonard F. Lybarger, Cleveland, Ohio, pro se.

Merritt Bumpass, argued, R. Benton Gray, Cleveland, Ohio, for defendant-appellee.

Before KENNEDY and MILBURN, Circuit Judges; and JOINER, Senior District Judge.*

CORNELIA G. KENNEDY, Circuit Judge.

Plaintiff-appellant, Miriam B. Houck, appeals the order denying her supplemental motion for payment of attorney's fees in this age discrimination action. Plaintiff-appellant brought the underlying action in the United States District Court for the Northern District of Ohio under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621–634, and included a pendent claim under Ohio Revised Code § 4101.17, the Ohio Age Discrimination Act. The parties agreed to settle the case on the morning of the scheduled trial. On August 23, 1984, the District Court entered a Consent Decree and Order ("Consent Decree") which contained the terms of the parties' settlement agreement. As part of the settlement agreement, Lee Wilson Engineering Company, Inc. ("the Company") agreed to pay plaintiff's attorney's fees. The Consent Decree provided in pertinent part:

6. Defendant, Lee Wilson Engineering Company, Inc. shall pay to the plaintiff, Miriam B. Houck, in addition to the payment specified in subparagraph 1 above, a further sum which shall be for the fee of her attorney, Leonard F. Lybarger, which shall be in an amount mutually agreed to by Mr. Lybarger and Mr. Joseph S. Ruggie, Jr., of Thompson, Hine and Flory, counsel for the defendant.

7. In the event counsel for the parties are unable to agree on the amount of the sum to be paid for plaintiff's attorney fee, counsel for plaintiff, Leonard F. Lybarger, shall submit an application to the Court on or before September 4, 1984 requesting same and setting forth an itemization of his services. In such event counsel for the defendant shall have until October 4, 1984 with which to respond to said application. The Court will thereafter determine the amount of the fee to be paid in accordance with applicable law. The decision of the Court shall be final and the parties waive all rights of appeal and further review of or relief from the Court's Order regarding same.

When the parties could not agree on the amount of attorney's fees, plaintiff's counsel, Leonard F. Lybarger, filed an application for payment of attorney's fees in the District Court seeking $57,721.69 in attorney's fees. The Company filed a response to the application. Plaintiff's counsel sought and the District Court granted leave to file a reply brief to the Company's response to the application. Along with the reply brief to the Company's response, plaintiff's counsel filed a supplemental motion for payment of attorney's fees seeking an additional $4,421.25 for legal services rendered in defense of the original application for attorney's fees. On December 11, 1984, the District Court filed a memorandum and order awarding plaintiff's counsel $23,390.19 for attorney's fees as follows:

* The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

(1) 224.5 hours at $100 per hour, for a total of $22,450, minus a twenty percent *Hensley* adjustment of $4,490, for a total of $17,960 in fees for this substantive work;

(2) 45.9 hours at $75.00, for a total of $3,442.50, for preparing his fee petition;

(3) $1,795.19 for out-of-pocket expenses; and

(4) $192.50 for services of his legal assistants.

The District Court's opinion did not refer to the supplemental application for payment of attorney's fees for the legal services rendered in defending the original fee application. After plaintiff's counsel sent the District Court a letter requesting a ruling on the supplemental motion, the District Court denied the motion on January 9, 1985 by writing on the first page of the supplemental motion: "Motion for additional fees denied. SO ORDERED."

This appeal raises two issues: (1) Whether plaintiff waived, in the Consent Decree, her right to appeal the District Court's order denying the supplemental application for attorney's fees; and (2) Whether the District Court committed reversible error in summarily denying the supplemental application and not stating reasons for its decision. For the reasons set forth below, we hold that the Consent Decree waived plaintiff's right to appeal any District Court decision regarding attorney's fees. Accordingly, we dismiss the appeal. Consequently, we need not and do not address the second issue.

The Company argues that plaintiff expressly waived, in the Consent Decree, her right to appeal any District Court decision regarding attorney's fees. The Consent Decree specified that if the parties could not agree on the amount of the attorney's fees, plaintiff's counsel would submit an application requesting attorney's fees and itemizing his services in the District Court. The parties further agreed that the District Court would determine the appropriate amount of the attorney's fees after the

Company had an opportunity to respond to the application. The Consent Decree specifically provided that:

> The decision of the [District] Court shall be final and the parties waive all rights of appeal and further review of or relief from the Court's Order regarding same.

Despite this provision that the District Court's decision regarding the amount of attorney's fees would be final and nonappealable, plaintiff argues that the Consent Decree only prohibits the parties from appealing the District Court's decision regarding the amount of attorney's fees incurred in connection with the merits and in the preparation of the original application for payment of attorney's fees. Plaintiff contends that she did not waive her right to appeal from a District Court decision denying a request for attorney's fees incurred *in defense* of the original application for payment of attorney's fees in the Consent Decree. We refuse to construe the Consent Decree so narrowly.

In this case, the parties entered into a settlement agreement which expressed a clear intent to end all litigation concerning this age discrimination action. The first page of the Consent Decree states: "Whereas, *the parties, being desirous of settling these matters without further litigation,* have agreed to the following terms and conditions...." (Emphasis added). Accordingly, when the parties could not agree as to the amount of attorney's fees, they submitted the matter to the District Court for a final and nonappealable determination. Consequently, we hold that plaintiff waived her right to appeal any District Court decision regarding the amount of attorney's fees regardless of whether plaintiff's counsel rendered the legal services in the underlying age discrimination action, in the preparation of the original application for attorney's fees, or in defense of that application.

Plaintiff also argues that even if the settlement agreement constitutes a valid waiver of her right to appeal, the parties

premised the Consent Decree on the assumption that the District Court would rule in accordance with applicable law and would not act arbitrarily. Plaintiff claims the District Court acted arbitrarily and capriciously in denying the·supplemental motion for payment of attorney's fees without stating any reasons for its decision. Even assuming that the District Court acted arbitrarily and capriciously, we hold that plaintiff assumed the risk of an unreviewable decision in agreeing to submit the matter to the District Court for a final and nonappealable decision.

In *Brown v. Gillette Co.*, 723 F.2d 192 (1st Cir.1983) (per curiam), the First Circuit dismissed Gillette's appeal from an order awarding damages to the plaintiff under a settlement agreement. The settlement agreement provided that the district court would resolve certain promotion claims and stipulated that:

> The parties agree that the determination of the [District] Court on such claims shall be final and binding and hereby waive any and all rights of appeal with respect to such determinations.

*Id.* Notwithstanding the settlement agreement, Gillette argued that it could appeal the damage award because the district court incorrectly interpreted the matter before the court and that the waiver in the settlement agreement did not preclude an appeal from arbitrary decision-making. The First Circuit disagreed and held that the waiver applied. *See also Goodsell v. Shea*, 651 F.2d 765, 767 (C.C.P.A.1981) (citations omitted) ("The great weight of authority favors enforceability of agreements not to appeal from a decision of a specified tribunal.... Such agreements have been honored by barring appellate review proceedings taken in violation of the agreement."). Consequently, we hold that plaintiff waived her right to appeal the District Court's determination regarding the amount of attorney's fees in the Consent Decree.

Accordingly, we dismiss the appeal.