940 F.2d 677
 37 Cont.Cas.Fed. (CCH) 76,161
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The BOEING COMPANY, Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1248.
 United States Court of Appeals, Federal Circuit.
 July 24, 1991.
 
 Before RICH, PAULINE NEWMAN and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 DECISION
 
 1
 The Boeing Company (Boeing) appeals from a decision of the General Services Administration Board of Contract Appeals (GSBCA) in Protest of International Technology Corp., GSBCA No. 10369-P (Dec. 5, 1989). The United States (Government) argues that the appeal is moot. We agree and dismiss this appeal.
 
 DISCUSSION
 
 2
 Boeing was a party to a Technical and Management Information Systems (TMIS) contract with the National Aeronautics and Space Administration (NASA). In the course of performance under the TMIS, Boeing awarded a subcontract to Federal Microcomputer, Inc. for the delivery of certain microcomputer workstations. International Technology Corp. (ITC), the only other bidder for the subcontract, filed a protest with the GSBCA.
 
 
 3
 The GSBCA held that it had jurisdiction to hear ITC's protest, that ITC's protest failed on its merits, but that Boeing and NASA lacked a proper delegation of procurement authority from the General Services Administration (GSA) to conduct the protested procurement. Following the GSBCA decision in the protest, NASA complied with the GSBCA's instructions and obtained a proper delegation of procurement authority from GSA. ITC did not appeal the decision of the GSBCA and, therefore, we do not address the merits of ITC's protest.
 
 
 4
 Boeing, however, appealed the action of the GSBCA arguing that the issue to be addressed on this appeal is whether the GSBCA has
 
 
 5
 jurisdiction vel non to hear and consider a protest about a subcontract acquisition of information technology resources subject to the Brooks Act, [40 U.S.C. Sec. 759(a)(2)(A) (1988) ], one conducted by a Government prime contractor, rather than a Federal agency.
 
 
 6
 Appellant's Brief at 1. In the posture of the present matter, this issue is no longer live, and Boeing does not have a legally cognizable interest that we can adjudicate. See United States v. Associated Dry Goods Corp., 682 F.2d 212 (CCPA 1982). Boeing chose to intervene as a party respondent in a protest proceeding before the GSBCA, initiated by ITC, in which NASA was the named respondent. The GSBCA held for NASA on the merits. The only operative effect of the decision by the GSBCA was to require NASA to obtain a proper delegation of procurement authority. NASA complied with the GSBCA's ruling; ITC did not appeal the decision on the merits.
 
 
 7
 If we were to conclude that the GSBCA lacked jurisdiction in this case, this would only serve to advise NASA that it had unnecessarily obtained a delegation of procurement authority. No other rights or interests adjudicated by the GSBCA and now before us would be affected. Because "this court is constitutionally precluded from rendering advisory opinions," Arctic Corner, Inc. v. United States, 845 F.2d 999, 1001 (Fed.Cir.1988) we cannot reach this issue.