NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDERSEN CORPORATION,**
*Plaintiff,*

v.

**PELLA CORPORATION,**
*Defendant-Appellant,*

v.

**W.L. GORE & ASSOCIATES, INC.,**
*Defendant-Appellee.*

---

2010-1481

---

Appeal from the United States District Court for the District of Minnesota in case no. 05-CV-0824, Senior Judge James M. Rosenbaum.

---

**ON MOTION**

---

Before GAJARSA, *Circuit Judge.*

**ORDER**

W.L. Gore & Associates, Inc. moves to dismiss Pella Corporation's appeal due to waiver of appeal rights. Pella

opposes.  W.L. Gore replies.  W.L. Gore also submits a correction to the official caption.

Andersen sued W.L. Gore and Pella of infringement of its patent related to a reduced visibility insect screen. W.L. Gore manufactured screen fabric material, and Pella converted the screen material into finished window screens that were sold as insect screens.  The parties eventually settled the underlying dispute except for one claim involving indemnification for costs and fees in this matter that related back to a 2003 supply agreement between W.L. Gore & Pella.

In pertinent part, the settlement agreement in this case provided:

> If not previously resolved by agreement of the parties, the Indemnification  Dispute will be submitted to the honorable Franklin L. Noel, Magistrate Judge, U.S. District Court District of Minnesota, for binding resolution based on the briefing of the parties.  The decision rendered by Magistrate Noel shall be final.

Subsequently, the magistrate considered Pella's request that W.L. Gore indemnify Pella for costs and fees incurred in the litigation, amounting to $4,049,249.43.  The magistrate denied Pella's motion and determined that W.L. Gore was not required to indemnify Pella.  The magistrate issued his determination in a "Report and Recommendation" which indicated that written objections could be filed with the district court.  Pella objected and appealed the magistrate's determination to the district court.  The district court held that because the parties agreed that the magistrate's determination would be final, the magistrate's determination was "clearly an Order which the parties agreed would be final and not appealable."  Thus the district court expressly declined to review the order, although it noted "[p]arenthetically, even if the Court did

review the Magistrate's Order, it would affirm, as the Order is neither clearly erroneous nor contrary to law." The district court dismissed the appeal of the magistrate's order to that court and directed the clerk of that court to docket the report and recommendation as an order. The clerk entered the magistrate's order on the docket and Pella filed an appeal, seeking review of the final order by this court.

W.L. Gore moves to dismiss the appeal, arguing that Pella waived its right to appeal to this court when it agreed in the settlement agreement that the indemnification matter would be submitted to the magistrate for "binding resolution" and that the magistrate's determination would be "final." Pella argues that the agreement did not waive its right to appeal to this court but only waived its right to seek district court review of the magistrate's determination.

We agree with Pella that the agreement's language indicating that the magistrate's determination would be "final" and "binding" did not indicate that it was waiving its right to appeal to this court. Pursuant to Fed. R. Civ. P. 72, a nondispositive matter may be referred to a magistrate, who shall issue proposed findings and recommendations. Any party may file written objections and the district court reviews the objections accordingly. Pursuant to Fed. R. Civ. P. 73, a magistrate may decide dispositive matters by consent of the parties, and there is no right to file objections to the district court. Instead, "an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment." By indicating that the magistrate's ruling would be "final" and "binding," it is reasonably clear that the parties intended that the magistrate's ruling would not be subject to review by the district court and would thus constitute the district court's final ruling on the matter. Any waiver

of the right to appeal to this court would need to be more clear and express. *See, e.g., Goodsell v. Shea*, 651 F.2d 765 (C.C.P.A. 1981) (finding waiver of appellate rights when parties' agreement stated that "each party hereby waives any and all rights of appeal from any such decision"); *In re Lybarger*, 793 F.2d 136 (6th Cir. 1986) (parties' consent decree stated that "the parties waive all rights of appeal and further review of or relief from the Court's Order").

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is denied. The appellant's opening brief is due within 21 days of the date of filing of this order.

(2) The motion to reform the caption is granted. The revised official caption is reflected above.

FOR THE COURT

**MAY 1 7 2011**

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc: Bruce H. Little, Esq.
    John T. Gallagher, Esq.
    Becky R. Thorson, Esq.

s8

**FILED**
**U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

MAY 1 7 2011

JAN HORBALY
CLERK