**DUKE CITY LUMBER COMPANY
et al., Appellants,**

v.

**Earl BUTZ, Secretary of Agriculture,
et al.**

No. 74–2066.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 16, 1975.

Decided July 6, 1976.

Pierre J. LaForce, Washington, D. C., with whom Angelo A. Iadarola and Jerry R. Goldstein, Washington, D. C., were on the brief, for appellants.

Richard A. Graham, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Paul M. Tschirhart, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

H. Robert Halper, Washington, D. C., with whom Terence P. Boyle, Mark P. Schlefer, Michael Joseph and William H. Fort, Washington, D. C., were on the brief, for appellee/intervenor Bennett Lumber Products Inc., and others and Alsea Lumber Co., and others.

Before Mr. Justice CLARK,* of the Supreme Court of the United States, and ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

This suit, now pending for over three years, attacks the validity of the 1971 changes in the small business timber set-aside program as established by the Memorandum of Understanding between the Small Business Administration and the United States Department of Agriculture. The appellants are twelve forest product manufacturing companies that are not eligible for set-aside sales under the program because they exceed the fixed standard of 500 employees or less in measuring the eligibility of a business to participate. 13

---

* Mr. Justice Tom Clark, United States Supreme Court, Retired, sitting by designation pursuant to 28 U.S.C. § 294(a).

C.F.R. 121.3–9(b). They assert that a new triggering mechanism for the program is arbitrary and capricious, is beyond the statutory authority of the agencies, and violates their due process rights as well as national forest administration statutes, the National Environmental Protection Act, and other federal laws.

We have made a detailed study of the voluminous records in the case, including numerous exhibits, briefs, and depositions as well as the opinion of the District Court, 382 F.Supp. 362 (D.D.C.1974). The district judge has written an able opinion in which he deals with each of the appellants' contentions at length. We have concluded that nothing would be gained by our writing extensively on the matter. We, therefore, adopt the opinion of the District Court, save in one respect.

 The District Court carefully considered the Government's attack upon the jurisdiction to hear appellants' claim. We do not disagree with the District Court's determination that appellants meet the tests for standing announced by this circuit in *Ballerina Pen Company v. Kunzig*, 140 U.S.App.D.C. 98, 433 F.2d 1204 (1970), *cert. denied*, 401 U.S. 950, 91 S.Ct. 1186, 28 L.Ed.2d 234 (1971), and believe that the District Court intended that its comments and findings on standing be considered as also relevant to the question of ripeness. A careful review of the *Abbott Laboratories* trilogy,[1] convinces us that, for the most part, appellants' challenge to the 1971 guidelines was ripe for review.[2] We are not convinced, however, that this is the appropriate case to review that part of the guidelines that would prevent the "historical share" figure from being revised below 50% of the original base period figure. Admittedly, that portion of the guidelines could hold the most mischief for appellants, but they have neither proved its probability

nor demonstrated adequately that it is any more than an abstract possibility at this time. None of the briefs address the question to our satisfaction nor could they, given the present state of the record. Accordingly, we decline to pass on the question, reserve it for some later time when it is ripe for review, and revise so much of the District Court's opinion that may be construed as dealing with the question of the 50% preservation minimum.

*It is so ordered.*

---

1. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967), and *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967).

2. The question of ripeness goes to our subject matter jurisdiction, and thus we can raise the issue *sua sponte* at any time. *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 384, 4 S.Ct. 510, 28 L.Ed. 462 (1884).