**In re GRAND JURY, APRIL, 1979.**

**UNITED STATES of America, Appellant and Cross-Appellee,**

**v.**

**Warren GOTCHER and John Glenn Peters, Appellees and Cross-Appellants.**

Nos. 79–1452, 79–1453.

United States Court of Appeals, Tenth Circuit.

Submitted July 19, 1979.

Decided Aug. 22, 1979.

---

**3.** *See* note 2, *supra.*

Larry D. Patton, U. S. Atty., for Western District of Oklahoma, Oklahoma City, Okl., for appellant and cross-appellee.

Carl D. Hughes, of Hughes, Nelson, Blessington & Holden, Oklahoma City, Okl., for appellees and cross-appellants.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

This appeal and cross-appeal arise out of an order of the District Court sustaining, in part, and overruling, in part, a motion to quash the issuance of a grand jury *subpoena duces tecum* directing Warren Gotcher (Gotcher) and John Glenn Peters (Peters) to produce certain documents before the Grand Jury related to the purchase and sale of McAlester Frozen Foods, Inc.

In May of 1978, a federal grand jury for the Western District of Oklahoma began investigating the affairs of McAlester Frozen Foods, Inc. The focus of the investigation centered around the procurement of a Small Business Administration (S.B.A.) guaranteed bank loan which was subsequently used to finance the purchase of the meat processing plant. Specifically, the Grand Jury was concerned with determining: whether certain misrepresentations were employed in obtaining the S.B.A. guaranteed bank loan; whether an appraisal of equipment and property to be used as security for the S.B.A. loan was intentionally and fraudulently inflated in excess of its true market value; and, whether the financial downfall of McAlester Frozen Foods, Inc. was brought about with the specific intention of defrauding the S.B.A.

One of the targets of the Grand Jury investigation was Peters. Peters retained Gotcher to represent him before the Grand Jury and in other ancillary proceedings.

In connection with its investigation, the Grand Jury issued *subpoenas* to both Peters, and his attorney, Gotcher, directing them to appear and testify before it on February 7, 1979, and produce certain documents relative to the McAlester Frozen Foods, Inc. purchase and sale transaction. On February 7, 1979, Peters appeared before the Grand Jury and invoked his Fifth Amendment privilege against self incrimination, indicating that his records were in the possession of his attorney. Gotcher, in turn, represented to the Grand Jury that approximately three cardboard boxes of records belonging to Peters were in his possession, but that certain of the documents were protected from disclosure by the work product and attorney-client privileges. An agreement was subsequently worked out between the Government, Gotcher and Peters, whereby Gotcher would surrender all documents belonging to Peters which he felt were not legitimately covered by a privilege. On February 20, 1979, the records were delivered to the United States Attorney.

Thereafter, on March 22, 1979, the Grand Jury issued another *subpoena duces tecum* directed toward Gotcher requiring him to produce "all items described . . ., whether or not you claim or have claimed such items are protected from subpoena by the attorney-client privilege, or any other privilege or protection." [R., Vol. I, p. 11]. Gotcher was served with the *subpoena* on

March 29, 1979. On April 2, 1979, he filed a motion to quash the issuance of the *subpoena* on the grounds that the materials sought were protected by the attorney-client and work product privileges. After briefing by the parties, the District Court denied the motion to quash on April 24, 1979.

Rather than complying with the *subpoena*, Gotcher renewed his motion to quash on May 10, 1979, the day prior to his scheduled appearance before the Grand Jury. The renewed motion to quash was based on his assertion that the documents sought belonged to Peters, the target of the Grand Jury investigation, and that the compulsory production of such documents, although in the hands of Gotcher, was violative of the Fifth Amendment privilege against self incrimination. After briefing by the parties and oral argument, the court ordered, under the authority of *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), that Gotcher produce all records which had been "delivered to the possession of Attorney Gotcher by movant, Peters, which movant Peters had, theretofore, delivered to the possession of an accountant . . . ." [R.Vol. I, p. 92]. The court, however, sustained the motion to quash as to those documents "contended by movant Peters to constitute records of a sole proprietorship which had not been heretofore delivered to the possession or custody of an accountant . . . ." [R.Vol. I, p. 92]. Both parties appeal from this ruling.

On June 1, 1979, this Court granted Gotcher's motion to stay the *subpoena* issued March 22, 1979, on the condition that "the records of his client, John Glenn Peters, which are sought by the federal grand jury's subpoena duces tecum, . . . be placed under seal in the presence of Warren Gotcher and . . . be kept by the Clerk [of the United States District Court for the Western District of Oklahoma] under seal thereafter until further order of this Court." [R.Vol. I, pp. 96–97]. In addition, this Court ordered, on the motion of the United States, that the appeal taken herein be expedited and set for oral argument during the July 1979 term of this Court. [R.Vol. I, p. 97].

Shortly prior to oral argument on this matter, the Court was informed by the parties that an indictment had been rendered by the Grand July on July 6, 1979, charging Peters and other named individuals with conspiring to make false statements to the S.B.A. for the purpose of influencing the actions of the S.B.A. concerning certain applications for S.B.A. loan guarantees; making false statements as to the fair market value of certain equipment and machinery contained in an affidavit of appraisal for the purposes of influencing the action of the S.B.A. upon an application for an S.B.A. guarantee of a certain proposed bank loan; and, knowingly and wilfully aiding and abetting certain individuals in submitting false statements made in connection with documents transmitted to the S.B.A. for the purposes of closing the subject loan and disbursement of the proceeds.

Various issues are raised on appeal. However, our determination that the controversy is not ripe for review at this stage of the proceedings is dispositive.

## I.

Initially, the focus of this appeal centered around the question of whether the District Court properly applied *Fisher v. United States, supra,* to the facts herein. Following rendition of the Grand Jury's indictment, on July 6, 1979, Gotcher filed a motion for summary disposition on the grounds that the issuance of the Grand Jury's indictment mooted the issues presented herein. In its response to the motion for summary disposition, the Government conceded that Peters was indicted by the Grand Jury on July 6, 1979; however, the Government contended that the issues presented in this appeal were not moot on the grounds that the "government has issued both subpoenas and applications for issuance of subpoenas [1] pursuant to Rule 17, F.R.Cr.P. requesting the self-same (sic) materials." [Response of the United States to Motion for Summary Disposition, p. 2] [footnote omitted] In furtherance of its contention, the Government stated that it

"has every reason to believe that such request [for the same materials as requested in the Grand Jury *subpoenas*] will be denied, and the self-same (sic) issues [will be] raised as to the enforcement of a Rule 17 subpoena as were raised to enforcement of the grand jury subpoena." [Response of the United States to Motion for Summary Disposition, p. 2]. Thus, the Government argues, in essence, that the issues presented herein are "capable of repetition, yet evading review". *See: Rex v. Owens*, 585 F.2d 432 (10th Cir. 1978). Assuming, *arguendo,* that the issues presented herein are not moot, we hold, nevertheless, that the case is not ripe for review. Accordingly, the appeal must be dismissed.

▮▮▮ The doctrine of ripeness "focuses upon the extent to which the controversy has matured at the time of the litigation." *Dyer v. Blair*, 390 F.Supp. 1287 (No.D.Ill. 1974) (per Stevens, Circuit Judge). The doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Inasmuch as "ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern.[25]" [footnote omitted] *Regional Rail Reorganization Act Cases*, 419 U.S. 102–140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320 (1974). The question of ripeness affects our subject matter jurisdiction. Thus, we may raise the issue *sua sponte* at any time. *Duke City Lumber Co. v. Butz*, 176 U.S.App.D.C. 218, 219, 539 F.2d 220, 221 (1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977).

▮▮▮ Our review of the record of this case convinces us that it is preferable to defer decision of the constitutional issues raised until there is an actual, concrete need to decide them. The controversy, as it was poised in the District Court, has now changed. The Grand Jury has rendered its indictment, without reliance on the challenged documents, thereby foreclosing enforcement of its *subpoenas*. Although the Government has made application for the issuance of pre-trial *subpoenas* seeking the same documents pursuant to Federal Rules Criminal Procedure, rule 17, 18 U.S.C.A., the District Court has not yet ruled upon that application. There are "situations where, even though an allegedly injurious event is certain to occur, the Court may delay resolution of constitutional questions until a time closer to the actual occurrence of the disputed event, when a better factual record might be available." *Regional Rail Reorganization Act Cases, supra,* 419 U.S. at 143, 95 S.Ct. at 358. We hold that the case is not ripe for review. We thus decline to render an advisory opinion with regard to the propriety of the Government's application for issuance of *subpoenas* pursuant to Federal Rules Criminal Procedure, rule 17, 18 U.S.C.A.

The appeal is dismissed. We direct that the Clerk of the District Court retain the records of John Glenn Peters under seal subject to any future orders of the District Court.