ARCTIC CORNER, INC., Appellant,

v.

The UNITED STATES, Appellee.

Nos. 87–1617, 87–1618.

United States Court of Appeals, Federal Circuit.

May 2, 1988.

Frank R. Ciesla, Giordano, Halleran & Ciesla, Middletown, N.J., argued for appellant.

Genevieve Holm, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief was Gill E. Bass, U.S. Army Corps of Engineers, North Atlantic Div., of counsel.

Before MARKEY, Chief Judge,
ARCHER and MAYER, Circuit Judges.

MARKEY, Chief Judge.

### ORDER

Arctic Corner, Inc., (Arctic) filed what it called an "appeal" from two "decisions" of the Armed Services Board of Contract Appeals (board): ASBCA Nos. 33251 and 33509, 87–2 BCA ¶ 19,859 (1987), *aff'd on reconsid.*, 13 July 1987; ASBCA Nos. 34216 and 34340, 87–3 BCA ¶ 20,139 (1987), purporting to grant summary judgment for the United States on Arctic's claims in connection with three contracts. We will dismiss the appeal.

The facts are set forth in the opinions of the board and will be only summarized here.

After partial performance of the contracts, Arctic defaulted and was terminated. It appealed each termination, but settled those cases. *See* 87–2 BCA at 100,-468–69.

After Arctic's default, Indemnity Insurance Company of North America (surety) completed the work. Arctic sent the government an invoice for work completed, the amount being the contract price plus interest and minus certain items. The government refused payment and Arctic appealed to the board. Before the board, Arctic admitted its claim was "subject to an adjustment for monies paid the surety for completing the contract."

The board granted summary judgment because it viewed Arctic's claims as barred by the above-described settlement of the appealed terminations. The board also said Arctic "is essentially seeking to recover for work performed by the surety after the contract was terminated for default."

The parties vigorously argue the effect of the settlement. This court lacks jurisdiction over the appeal, however, and will not therefore discuss those arguments.

Before us, Arctic says it "is seeking to recover the Contract balances remaining after payment to the Surety," and admits that it has no right to recover for work it performed before it was terminated for default, "except to the extent that once a Surety is reimbursed for its completion costs, the remaining balance must be paid to the original contractor." It is undisputed that the surety has not yet submitted its final payment request.[1]

An actual case or controversy is a prerequisite to justiciability of Arctic's appeal, U.S. Const. art. III, § 2; *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979) (threshold question whether appellees alleged case or controversy within meaning of Art. III). A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt. *Duke City Lumber Co. v. Butz*, 539 F.2d 220, 221 n. 2 (D.C.Cir.1976) (citing *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 384, 4 S.Ct. 510, 512–13, 28 L.Ed. 462 (1884)). At the heart of the "case or controversy" requirement is the prohibition against advisory opinions. *See Babbitt*, 442 U.S. at 305, 99 S.Ct. at 2312; C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3532.1 (1984).

Arctic can have no claim at all unless and until *after* two events occur: (1) the surety must submit a bill of costs; and (2) that bill must be for less than the unpaid contract balance. Jurisdiction would exist in this court only *after* two further events occur: (3) submission and denial of Arctic's claim; (4) board affirmance of that denial. Until all those events occur, there can be no resolution of the matter by this court. *See Union Nat'l Bank v. Nelson*, 747 F.2d 310, 312 (5th Cir.1984) (no "case" or "controversy" about application of usury law because two contingencies had not occurred). It is obvious that Arctic's claim "may not occur

---

**1.** Arctic's brief says the surety gave an "informal indication that its necessary costs will exceed the remaining contract balance." That indication appeared in a telegram to the contracting officer in which the surety stated: "in view of [the government's] dispute with Arctic ... [the surety] will file a certified claim for the payments with the contracting officer, and will resolve this matter in the U.S. Claims Court."

as anticipated, or indeed may not occur at all." Wright & Miller § 3532.

The board did not render decisions, it rendered opinions that were purely advisory, saying, in effect, "*if* the surety submits a bill, and *if* it is less than the unpaid contract balance, any claim Arctic might make to the difference *would be* barred by the settlement." Nothing happened as a result of the board's opinions (beyond Arctic's receipt of advice on how the board would rule if the two contingencies occurred). So too, any decision of this court would be dependent on a hypothetical and without effect. Unlike the board,[2] this court is constitutionally precluded from rendering advisory opinions. *United States v. Cook,* 795 F.2d 987, 989, 994 (Fed.Cir.1986).

Accordingly, IT IS ORDERED THAT: The appeal be dismissed.

---

2. We are aware of nothing that precludes the board from rendering advisory opinions under such circumstances as it may deem appropriate.

Advisory opinions are not, of course, appealable to this court.