873 F.2d 1452
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James G. VAUGHN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3353.
 United States Court of Appeals, Federal Circuit.
 April 26, 1989.
 
 Before MARKEY, Chief Judge, and EDWARD S. SMITH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. DC08318710564 (June 8, 1988), is reversed and remanded for consideration of James Vaughn's claim for an enhanced annuity for law enforcement service.
 
 OPINION
 
 2
 1. For the Board to have jurisdiction over Vaughn's claim, the appeal must be from a final decision issued by OPM. 5 C.F.R. Sec. 831.110 (1988). OPM regulations require that a representative of the Associate Director for Compensation issue this decision after reconsideration of the initial decision. Id. Sec. 831.109(f). In response to Vaughn's December 31, 1986 formal request for reconsideration of OPM's initial decision, the Assistant Director for Retirement Programs, in a February 12, 1987 letter, denied Vaughn's request for enhanced annuity because OPM thought the 1975 Appeals Review Board (ARB) decision precluded Vaughn from raising this issue again. The assistant director is a representative of the Associate Director for Retirement and Insurance Group, who is the successor to the Associate Director for Compensation, a position which no longer exists. OPM Employee Letter A-641 (June 30, 1986). Therefore, a final decision was rendered by a proper official in accord with the regulations, and the government is incorrect that there was no appealable decision.
 
 
 3
 2. For collateral estoppel to apply here, Vaughn must have had a right to judicial review of the 1975 ARB decision. See Block v. United States Int'l Trade Comm'n, 777 F.2d 1568, 1572 (Fed.Cir.1985); see also Standard Oil Co. v. United States, 685 F.2d 1337, 1341 (Ct.Cl.1982). In seeking that decision, Vaughn stated that he had no intention of retiring at the time, and had not applied for retirement. He did not retire until 1980. Therefore, the 1975 ARB decision on early retirement for law enforcement service cannot be anything but advisory. Courts, of course, do not have the power to review advisory administrative opinions. FCC v. Pacifica Found., 438 U.S. 726, 734 (1978); Arctic Corner, Inc. v. United States, 845 F.2d 999, 1001 (Fed.Cir.1988).
 
 
 4
 The government's argument that the ARB had no authority to issue advisory rulings, and the 1975 matter was "final" and appealable does not track. It is apparent that this decision was advisory because it depended on the contingency that Vaughn apply for retirement. If the government is correct about the ARB's authority, then it acted beyond its charter and the opinion is unusable for that reason. If not, the opinion is still not preclusive of Vaughn's present claim because the courts would have been disabled from reviewing it in the absence of a case or controversy amenable to resolution under Article III of the Constitution. Mere exhaustion of the administrative remedy does not compel judicial review.