878 F.2d 1447
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LIONSGATE CORPORATION, Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1101.
 United States Court of Appeals, Federal Circuit.
 June 26, 1989.
 
 Before MARKEY, Chief Judge, and COWEN and BENNETT, Senior Circuit Judges.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 Lionsgate Corporation (Lionsgate) appeals the decision of the Corps of Engineers Board of Contract Appeals (Board), ENG BCA No. 5393, 88-2 B.C.A. (CCH) p 20,770, denying claims for equitable adjustments to a construction contract, and deciding certain accounting issues that would affect the amount Lionsgate would be entitled to recover for these and other claims. We affirm.
 
 OPINION
 
 2
 Lionsgate's claims for equitable adjustments were based on site conditions that allegedly differed from those indicated in the Government's plans and specifications. The Board thoroughly considered Lionsgate's arguments before deciding that Lionsgate had failed to establish the differing site conditions. Although we may not agree entirely with all of the Board's reasoning, we hold that on the whole its decision is correct as a matter of law, is neither arbitrary nor capricious, and is supported by substantial evidence. 41 U.S.C. Sec. 609(b) (1982). See FMC Corp. v. United States, 853 F.2d 882, 885 (Fed.Cir.1988).
 
 
 3
 Having affirmed the Board's denial of a recovery for differing site conditions, we need not decide the accounting issues that would have affected the amount of a recovery. However, the parties and the Board agreed that the Board should resolve various quantum issues that were common to other pending, but undecided, appeals filed with the Board by Lionsgate. Although the Board expressly refrained from intimating an opinion regarding the Government's liability on any of the undecided appeals, the Board made findings of fact on several accounting issues. In this appeal, Lionsgate challenges the Board's findings which disallowed Lionsgate's inclusion of amounts for idle facilities and idle capacity in computing its general and administrative costs. Although Lionsgate urges us to decide this accounting question, the Government contends that since the Board has found no entitlement on the undecided appeals, our decision would be an advisory opinion beyond the jurisdiction of an Article III court. Lionsgate counters with the contention that the 1978 amendment to 28 U.S.C. Sec. 1491 gave this court equitable powers, including the power to grant declaratory judgments, citing Bowen v. Massachusetts, 108 S.Ct. 2722, 2737-38 n. 40 (1988). Consequently, Lionsgate argues that we are empowered to decide the question. Lionsgate's contention must be rejected on several grounds. In the first place, the footnote in the cited case shows, as the amended statute clearly provides, that it is the Claims Court and not this court which is authorized to enter declaratory judgments in limited circumstances. 28 U.S.C. Sec. 1491(a)(3) (1982). See Rosano v. United States, 9 Cl.Ct. 137, 141 (1985), aff'd, 800 F.2d 1126 (Fed.Cir.1986), cert. denied, 480 U.S. 907 (1987). Secondly, this court has no authority to issue advisory opinions for the future guidance of the parties. Gregory Timber Resources v. United States, 855 F.2d 841, 844 (Fed.Cir.1988); Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000-01 (Fed.Cir.1988); United States v. Cook, 795 F.2d 987, 994 (Fed.Cir.1986); Hanover Township Fed'n of Teachers Local 1954 v. Hanover Community School Corp., 457 F.2d 456, 463 (7th Cir.1973).