**Mary Florence Humphrey WIRT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–262C.

United States Claims Court.

July 30, 1990.

---

N. Lee Presson, Atlanta, Ga., for plaintiff.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. Though plaintiff has not had the opportunity to respond to defendant's motion, the court may address its jurisdiction *sua sponte*. *Johns–Manville Corp. v. United States*, 893 F.2d 324, 328 (Fed.Cir.1989); *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed.Cir. 1988). After careful consideration of defendant's brief as well as relevant statutes and case law, the court grants defendant's motion to dismiss.

## FACTS

Plaintiff, Mary Wirt, alleged that her estranged husband Lieutenant Colonel Wirt, "surreptitiously received Basic Allowance for Quarters (BAQ) and other amounts between 1979 and 1986 and converted these to his use, without accounting to the children for any support whatsoever." Complaint at ¶ 8. Plaintiff further claimed that this BAQ paid to Lieutenant Colonel Wirt should have been paid directly to her.

Lieutenant Colonel Wirt retired from the Air Force Reserve on October 15, 1971. At that time the Retired Servicemen's Family Protection Plan (RSFPP), 10 U.S.C. §§ 1431–1446 (1988), was in effect. Lieutenant Colonel Wirt did not elect to enroll in the RSFPP. On September 21, 1972 Congress enacted the Survivor Benefit Plan (SBP). 10 U.S.C. §§ 1447–1455 (1988). Lieutenant Colonel Wirt was eligible as a retired officer to enroll in the SBP, but chose not to enroll. Plaintiff alleged that the Air Force was required by law to notify her of Lieutenant Colonel Wirt's election not to enroll in the SBP and that they failed to so notify her. Accordingly, plaintiff also claimed money damages in the form of benefits under the SBP.

## DISCUSSION

It is this court's obligation to address its subject matter jurisdiction *sua sponte*. *Johns–Manville*, 893 F.2d at 328; *Arctic Corner*, 845 F.2d at 1000. In assessing whether a court has jurisdiction to consider plaintiff's claim, all facts as alleged will be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988).

It is settled law that the Tucker Act, in and of itself, "does not create any substantive right enforceable against the

United States for money damages." *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), and *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). The Tucker Act states in pertinent part:

> "The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

28 U.S.C. § 1491(a)(1) (1988). To recover money damages against the United States, therefore, plaintiff must seek recovery under a contract with the government or under a specific money-mandating money mandating clause of the Constitution, a statute or a regulation.

### A. *Plaintiff's Claim for Basic Allowance for Quarters (BAQ)*

■ Assuming the facts alleged by plaintiff to be true for the purposes of this motion, the court is unable to find jurisdiction over plaintiff's claim for the BAQ paid to Lieutenant Colonel Wirt. Plaintiff alleged that her husband surreptitiously received BAQ and converted it for his own use, refusing to support his family. However, this alleged act by Lieutenant Colonel Wirt does not *ipso facto* or *ipso jure* make defendant liable to plaintiff for these allegedly wrongly delivered BAQ payments. If anything, the circumstances alleged would merely allow defendant to recoup from Lieutenant Colonel Wirt the overpayment of BAQ, 32 C.F.R. § 818.14, as Lieutenant Colonel Wirt did not qualify to receive BAQ benefits at the "with dependents" rate. 32 C.F.R. § 584.7(b). "BAQ at the 'with dependents' rate is not payable to soldier[s] who are not supporting their families." 32 C.F.R. § 584.7(b).

Relevant statutes or Air Force regulations governing benefits to members do not mandate payment of mistakenly paid or fraudulently claimed BAQ benefits to the member's claimed beneficiaries. *See* 32 C.F.R. §§ 584.7, 818.14. "BAQ is not payable on behalf of a dependent whom a member refuses to support. Failure to support a dependent on whose behalf BAQ is being received requires recoupment [to the government] for periods of non-support." 32 C.F.R. § 818.14. Air Force regulations specifically limit the available remedies for a member's failure to use BAQ to support his family. "Nonsupport of family members for whom BAQ is claimed may result in—(1) Collection of BAQ received but not given to the family members. (2) Stoppage of BAQ at the 'with dependents' rate. (3) Punitive or administrative action against a soldier...." 32 C.F.R. § 584.7(b). None of these remedies, however, provide for the payment of misused BAQ directly to the dependents of the member. The court, therefore, must dismiss plaintiff's complaint as "jurisdiction over [plaintiff's] complaint cannot be premised on the asserted violation of regulations that do not specifically authorize awards of money damages." *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 739, 102 S.Ct. 2118, 2125, 72 L.Ed.2d 520 (1982).

### B. *Survivors Benefit Program*

■ Defendant had no duty to give plaintiff notice of Lieutenant Colonel Wirt's decisions not to enroll in the RSFPP or the SBP. The evidence presented to the court showed that on October 15, 1971, Lieutenant Colonel Wirt retired when the RSFPP was still in effect. Likewise the evidence showed that Lieutenant Colonel Wirt chose not to enroll in the RSFPP. Under the RSFPP, defendant had no statutory duty to notify plaintiff of Lieutenant Colonel Wirt's election not to enroll in the retirement plan. 10 U.S.C. §§ 1431–1446.

On September 21, 1972, Congress enacted the Survivor Benefit Plan (SBP). 10 U.S.C. §§ 1447–1455. This plan automatically enrolled all active-duty servicemen who did not take affirmative steps to avoid enrollment in the SBP. Furthermore, the SBP explicitly required the Air Force to

send notice to the spouse of an active-duty serviceman if the serviceman avoided enrollment in the SBP. 10 U.S.C. § 1448(a). This Court has previously held that failure to give notice to the spouse of an active-duty serviceman of his election out of the SBP invalidates that election and restores full coverage under the plan. *Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651, 657–58 (1982).

The SBP further allowed servicemen like Lieutenant Colonel Wirt, who retired previous to the enactment of SBP in September of 1972, to enroll in the SBP. *Passaro v. United States*, 774 F.2d 456, 457–59 (Fed. Cir.1985); 10 U.S.C. §§ 1448, 1455. However, a retired serviceman's enrollment in the SBP was not automatic. Unlike active-duty servicemen, servicemen who retired previous to the passage of the SBP had a limited period of time from the date of the SBP enactment to affirmatively elect the SBP in order to obtain coverage. *Passaro*, 774 F.2d at 457–59. Moreover, while the Air Force had a duty to notify the spouses of active-duty servicemen who avoided enrollment in the SBP, the Air Force had no concurrent duty to notify the spouses of retired servicemen who chose not to enroll in the SBP. *Id.* Lieutenant Colonel Wirt, who retired previous to the enactment of the SBP, did not affirmatively elect coverage under the SBP. Though it may be true that the Air Force did not notify plaintiff of Lieutenant Colonel Wirt's failure to elect coverage under this plan, the Air Force was not contractually or statutorily obligated to do so. *See Id.; File v. United States*, 17 Cl.Ct. 823, 827 (1989). This court will not now create such a duty. Accordingly, plaintiff's claim for SBP benefits must also be dismissed for lack of jurisdiction.

### CONCLUSION

Plaintiff has failed to allege a claim under a money-mandating clause of the Constitution, contract, statute or executive department regulation that would support jurisdiction of this court under the Tucker Act to grant money damages. Therefore, plaintiff has failed to state a claim upon which relief may be granted by this court.

The Clerk of the court is directed to dismiss the complaint accordingly.

IT IS SO ORDERED.