NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5044

DUARTE MANUEL CABRAL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Duarte Manuel Cabral, of Poway, California, argued for plaintiffs-appellants.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5044

DUARTE MANUEL CABRAL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-872C,
Judge Christine C. Miller.

_____

DECIDED:  October 8, 2008

_____

Before GAJARSA, DYK and MOORE, Circuit Judges.

PER CURIAM

Duarte Manuel Cabral seeks review of the United States Court of Federal Claims'

January 15, 2008 order that sua sponte[1] dismissed his complaint for lack of jurisdiction.

---

[1]    Mr. Cabral argues that it was improper for the Court of Federal Claims to dismiss his action for lack of jurisdiction sua sponte before the United States investigated the claim's merits and responded.  This argument is meritless because the law is well-settled that a trial court has the responsibility to determine its own jurisdiction sua sponte whenever it appears it may be lacking.  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988).

For the reasons set forth below, the court's order is <u>affirmed</u>.

Mr. Cabral filed a complaint against the United States in the Court of Federal Claims seeking reimbursement of past and future wage garnishments in accordance with a California court order mandating child support. In his complaint, Mr. Cabral relies on the First Amendment and the Due Process Clause of the Fifth Amendment[2] to provide jurisdiction in the Court of Federal Claims. <u>Cabral v. United States</u>, Case No. 07-872C (Ct. Cl. 2008). The Court of Federal Claims concluded that it lacked subject matter jurisdiction over Mr. Cabral's claims because nothing in the First Amendment or the Due Process Clause of the Fifth Amendment explicitly or implicitly obligates the Federal Government to pay money damages.

Mr. Cabral also alleges that 28 U.S.C. § 2201 allocates authority to the Court of Federal Claims to render declaratory relief when no other avenue for remedy is available. The Court of Federal Claims concluded that 28 U.S.C. § 2201 does not provide any basis for jurisdiction and that it lacks jurisdiction to grant declaratory judgments.

This court reviews de novo the Court of Federal Claims' dismissal of Mr. Cabral's complaint for lack of jurisdiction. <u>See</u> <u>Samish Indian Nation v. United States</u>, 419 F.3d 1355, 1363 (Fed. Cir. 2005). In conducting its review, this court assumes that the facts pled by Mr. Cabral are true. <u>See</u> <u>id.</u> at 1364.

---

[2]     Mr. Cabral's original complaint relies on the Fourteenth Amendment. Because the Fourteenth Amendment does not apply to the Federal Government, the Court of Federal Claims reinterpreted Mr. Cabral's claim as relying upon the Fifth Amendment.

The Court of Federal Claims is a court of limited jurisdiction. See Tucker Act, 28 U.S.C. §1491 (waiving the sovereign immunity of the United States). However, any claim for money damages against the United States must be premised upon an express or implied contract, or under a money-mandating constitutional provision, statute, or regulation. 28 U.S.C. § 1491 (a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Therefore, whether the Court of Federal Claims has jurisdiction over Mr. Cabral's case depends on whether any of the constitutional or statutory provisions on which he relies are money-mandating.

The law is well-settled that the constitutional provisions—the First Amendment and Due Process Clause of the Fifth Amendment—are not money-mandating in these circumstances. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed Cir. 1988); United States v. Connolly, 716 F.2d 882, 886-87 (Fed. Cir. 1983).

The statutes on which Mr. Cabral relies are similarly unavailing. Section 2201 of Title 28, the Federal Declaratory Judgment Act, does not provide any basis for jurisdiction of the Court of Federal Claims. See Rolls-Royce v. United States, 364 F.2d 415, 420 (Ct. Cl. 1966) ("The [Declaratory Judgment] statute is a procedural one and does not supply an independent ground of jurisdiction where none otherwise exists.") On appeal, Mr. Cabral also avers that he is entitled to compensation under the California Family Code § 3653. However, the Court of Federal Claims does not have jurisdiction over claims founded on state law. Souders v. South Carolina Public Service Authority, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Accordingly, the Court of Federal Claims lacks jurisdiction to hear Mr. Cabral's claims.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

No costs.