**Daniel HARVEY, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 16–1477 T**

United States Court of Federal Claims.

(Filed December 5, 2016)

### ORDER

James F. Merow, Senior Judge

On November 8, 2016, plaintiff filed a compilation of documents, including a civil cover sheet, a letter from the United Nations High Commission for Refugees, a letter reflecting the denial of a claim he made to the Department of Veterans Affairs, some documentation from the Social Security Administration, and a long narrative that appears to relate to

a past criminal conviction, among other matters. *See* Doc. 1. Despite the fact that the filing includes no statement of the claim plaintiff would pursue before the court, the documents were docketed as a complaint. *See id.* Plaintiff has also applied for *in forma pauperis* status, *see* Doc. 3, and has filed a motion for summary judgment, *see* Doc. 4.

■■■■ This court is one of limited jurisdiction, as set forth in 28 U. S. C. § 1491(a):

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Although the government has not yet responded to plaintiff's complaint, the court reviews its jurisdiction *sua sponte. See Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* any time it appears in doubt.").

■■■■ A plaintiff bears the burden to demonstrate the court has jurisdiction over his claims by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Here, plaintiff has failed to point to any basis, such as a statute or a contract, that entitles him to an award of money damages from the government. In fact, he has failed to identify any basis for relief of any kind. His filing is insufficient to establish the court's jurisdiction, even under the lenient standard afforded to *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (noting that complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers").

As such, this matter is **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's motions seeking *in forma pauperis* status, Doc. 3, and summary judgment, Doc. 4, are **DENIED** as moot. The Clerk's Office is directed to **RETURN** all future submissions received from plaintiff that are not in accordance with this court's rules to plaintiff **UNFILED** without further order of the court.

**SO ORDERED.**